1   Ryan R. Waterman (SB #229485)
    Juliet H. Cho (SB #271437)
2   STOEL RIVES LLP
    12255 El Camino Real, Ste. 100
3   San Diego, CA 92130
    Telephone: (858) 794-4100
4   Facsimile: (858) 794-4101
    Email Addresses:
5   rrwaterman@stoel.com;
    jhcho@stoel.com
6
    Attorneys for Defendant
7   LUNNY GRADING & PAVING, INC.

8   Jack Silver (SB #160575)
    Jerry Bernhaut (SB #206264)
9   LAW OFFICE OF JACK SILVER
    Post Office Box 5469
10  Santa Rosa, CA 95402-5469
    Telephone: (707) 528-8175
11  Facsimile: (707) 528-8675
    Email Addresses: lhm28843@sbcglobal.net

12

**FILED**

MAR 2 9 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15   CALIFORNIA RIVER WATCH, a 501(c)(3),        Case No. 13-CV-03174-KAW
     non-profit, Public Benefit Corporation,
16                                               [PROPOSED] Consent Decree
                    Plaintiff,
17
              v.
18
     LUNNY GRADING & PAVING, INC.;
19   DOES 1-10, Inclusive,

20                  Defendant.

21

22       WHEREAS, California River Watch ("CRW") is a 501(c)(3) nonprofit, public benefit

23   corporation organized under the laws of the State of California, dedicated to protect, enhance, and

24   help restore the surface waters and groundwater including all rivers, creeks, streams, wetlands,

25   vernal pools and tributaries of California.

26       WHEREAS, Lunny Grading operates the Nicasio Rock Quarry located at 5400 Nicasio

27   Valley Road in Nicasio, California ("Site"). The Site is subject to various federal and state

28   regulatory requirements under the federal Clean Water Act ("CWA"), including compliance with

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE          -1-                    13-CV-03174-KAW

1   the State Water Resource Control Board's General Industrial Activities Storm Water Permit

2   ("General Permit").

3         WHEREAS, on February 11, 2013, CRW served Lunny Grading with a 60-Day Notice of

4   Violations and Intent to File Suit ("Notice Letter") alleging various violations of the CWA

5   relating to activities at the Site. The Notice Letter alleges that Lunny Grading, the operator of the

6   Site, and its employees, are responsible for the alleged violations.

7         WHEREAS, on July 9, 2013, CRW filed a Complaint against Lunny Grading in the

8   United States District Court for the Northern District of California, Case No. 13-CV-3174-KAW,

9   alleging violations of the CWA based on the Notice Letter.

10        WHEREAS, on October 3, 2013, CRW filed its First Amended Complaint, superseding its

11   Complaint.

12        WHEREAS, Lunny Grading denies each and all of the claims and allegations in CRW's

13   Notice Letter and First Amended Complaint.

14        WHEREAS, the Parties have expended effort and resources in investigating and

15   evaluating allegations and claims set forth in the First Amended Complaint and Notice Letter,

16   including the exchange of information regarding the Site, as well as engaging in a negotiation and

17   technical dialogue regarding settlement.

18        WHEREAS, the Parties now wish to resolve and settle all disputes, obligations, and

19   purported or actual claims or causes of action, which may exist by and between CRW and Lunny

20   Grading, including without limitation any disputes, obligations, claims and/or causes of action

21   that were or could have been asserted in or pursuant to the First Amended Complaint or Notice

22   Letter relating to the Site.

23        **NOW, THEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES, AND**

24   **ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

25   1.     Parties Bound By This Consent Decree and Length of Consent Decree. This Consent

26   Decree, and each of its provisions, including all representations, warranties, and promises

27   contained herein, binds, and inures to the benefit of CRW and Lunny Grading, and each of their

28   respective assigns, present and future affiliates, parents, subsidiaries, predecessors and successors

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE         -2-           JST
13-CV-03174-KAW

75479084.1 0048407-00002

1   in interest whether by merger, consolidation, or otherwise, as well as their respective

2   representatives, agents, and administrators, past, present, and future. The "Effective Date" of this

3   Consent Decree shall be the date of the final signature on this Consent Decree by a Party. This

4   Consent Decree shall terminate on the earlier of: (a) the date that all of the requirements under

5   paragraphs 1 and 3 are completed by Lunny Grading, or (b) two years after the Effective Date

6   ("Termination Date").

7   2.    Actions By Lunny Grading. Lunny Grading shall perform the below specified projects at

8   the Site no later than one year from the Effective Date of this Consent Decree. Lunny Grading

9   reserves the right, in its sole discretion, to determine (i) which persons shall perform any work

10   described herein, including contractors; and (ii) the scope and technical details of, and manner to

11   implement, any such work, subject to review and approval by the Regional Water Quality Control

12   Board (or such other regulatory agency as may, from time to time, exercise jurisdiction with

13   respect to environmental matters at the Site):

14       2.1    *Cover Commodity Bins*: Lunny Grading shall cover the topsoil and compost

15       commodity bins on the Site at all times except when access to the contents is required.

16       2.2    *Updating Drainage Controls*: As elevations and gradients at the Site change over

17       time with the movement of materials, Lunny Grading shall inspect drainage controls at the

18       Site each year by no later than October 1 to confirm that drainage controls are adequate to

19       channel all storm water flows to the diversion swale and thence to the sedimentation pond.

20       Results of the inspection shall be included in Lunny Grading's Annual Report.

21       2.3    *Replacing Wattles*: Lunny Grading shall replace all existing wattles with wattles

22       made from biodegradable materials as the existing wattles wear out or within one year

23       from the Effective Date of this Consent Decree, whichever is sooner.

24       2.4    *Install Sump Pump At Scale*: Lunny Grading shall install a sump pump beneath

25       the truck weighing scale at the Site, and the collected water shall be pumped to the

26       sedimentation pond at the Site.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE       -3-        JST
13-CV-03174-KAW

75479084.1 0048407-00002

1       2.5    *Clear Pond Outfall Path*: Lunny Grading shall clear brush leading to the outfall

2       from the sedimentation pond at the Site and maintain a path so that samples can be taken

3       at the outfall to Halleck Creek.

4       2.6    *Submission of Additional Reports to CRW*: No later than one year from the

5       Effective Date, Lunny Grading shall provide CRW with a narrative report describing

6       BMPs that have been implemented pursuant to this Consent Decree.

7   3.    Fees and Costs. Within fifteen (15) days after the Effective Date of this Consent Decree,

8   Lunny Grading shall pay to CRW the total sum of Four Thousand Nine Hundred and Ninety-Nine

9   Dollars ($4,999.00). Payment will be made in the form of a single check made payable to

10  "California River Watch", mailed to the Law Office of Jack Silver, P.O. Box 5469, Santa Rosa,

11  CA 95402-5469.

12  4.    Mutual Release. It is the intent of the Parties that the execution and delivery of this

13  Consent Decree constitutes a full and complete satisfaction of all rights, claims and demands by

14  CRW against Lunny Grading, and Lunny Grading against CRW, with respect to any and all

15  allegations and claims made in the First Amended Complaint and Notice Letter under the Clean

16  Water Act.

17      4.1    Upon this Consent Decree's Effective Date, CRW, on behalf of itself and any and

18      all of its officers, agents, representatives, successors, members, and assigns, and any other

19      person acting under its direction or control with respect to this matter, does hereby

20      absolutely, fully, and forever release, relieve, remise, and discharge Lunny Grading, and

21      its past and present employees, officers, directors, attorneys, and the predecessors,

22      successors, and assigns of any of them, from any and all causes of action, claims, damages

23      (including punitive damages), demands, debts, actions, attorneys' fees, costs of suit, and

24      liabilities of every kind or nature whatsoever, except for the obligations under this

25      Consent Decree, known or unknown, arising out of claims asserted in the First Amended

26      Complaint and Notice Letter under the Clean Water Act concerning the Site, or which

27      could have been alleged in the Notice Letter, including without limitation any and all

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE    -4-    13-CV-03174-JST/BZ

75479084.1 0048407-00002

1  claims for violations of the Clean Water Act that occurred at any time up to the Effective

2  Date.

3      4.2    Upon this Consent Decree's Effective Date, Lunny Grading, on behalf of itself and

4  any and all of its officers, agents, representatives, successors, and assigns, and any other

5  person acting under its direction or control with respect to this matter, does hereby

6  absolutely, fully, and forever release, relieve, remise, and discharge CRW, and its past and

7  present employees, officers, directors, members, attorneys, and the predecessors,

8  successors, and assigns of any of them, from any and all causes of action, claims, damages

9  (including punitive damages), demands, debts, actions, attorneys' fees, costs of suit, and

10  liabilities of every kind or nature whatsoever, arising out of the claims asserted in the First

11  Amended Complaint and Notice Letter under the Clean Water Act concerning the Site.

12      4.3    The Parties acknowledge that they are familiar with Section 1542 of the California

13  Civil Code. For any other claims against each other, known or unknown, suspected or

14  unsuspected, and each party expressly waives and relinquishes any rights and benefits

15  which they have or may have under Section 1542 of the Civil Code of the State of

16  California, which provides:

17          A general release does not extend to claims which the creditor does
        not know or suspect to exist in his or her favor at the time of
18          executing the release which if known by him or her must have
        materially affected his or her settlement with the debtor.
19

20  The Parties acknowledge that each has specifically reviewed with its attorney the meaning

21  and effect of the release set forth herein, the language of California Civil Code Section 1542, and

22  the waiver contained herein. The Parties acknowledge that their attorneys have fully explained

23  the impact of these provisions, and the Parties knowingly accept the risks associated with these

24  provisions.

25  5.    Covenant Not to Sue.

26      5.1    For a period of five (5) years from the Effective Date, CRW agrees that neither

27  CRW, nor its officers, executive staff, or members of its governing board, nor any

28  organization under CRW's control, its officers, executive staff, or members of its

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE    -5-    JST
13-CV-03174-KAW

75479084.1 0048407-00002

1    governing board, will serve any Notice of Intent to Sue or file any lawsuit against Lunny

2    Grading seeking relief for alleged violations of the Clean Water Act (33 U.S.C. § 1365) or

3    any similar statute and/or regulation, including the Porter-Cologne Water Quality Control

4    Act (Cal. Water Code § 13000 *et seq.*), nor will CRW initiate or support any such action

5    against Lunny Grading brought by other groups or individuals by providing financial

6    assistance, personnel time, or any other affirmative actions.

7        5.2    The covenant expressed in paragraph 5.1 does not apply to the filing of any

8    complaint based on the Notice Of Intent To Sue for Violations of the Clean Water Act,

9    dated June 24,2013, sent to Kevin J. Lunny, Drakes Bay Family Farms,

10   Owners/Managing Agents, Drakes Bay Oyster Co., against any party subject to the court's

11   jurisdiction based on the entities named as recipients of said Notice.

12   6.    No Admission. This Consent Decree is the direct result of a compromise of disputed

13   allegations and claims. As such, this Consent Decree shall not, for any purpose, be considered as

14   an admission of liability by Lunny Grading nor shall the payment of any sum of money in

15   consideration for the execution of this Consent Decree constitute or be construed as an admission

16   of any liability by Lunny Grading, which expressly denies any such liability or wrongdoing.

17   7.    Delays in Schedule Implementation. In the event implementation by Lunny Grading of

18   the remedial measures set forth in paragraph 1 of this Consent Decree does not occur by the

19   agreed to dates, Lunny Grading agrees to notify CRW in writing as soon as practicable after the

20   anticipated delay becomes apparent, and in any case not less than twenty (20) days prior to any

21   deadline set forth in paragraph 1, and shall describe the reasons for the anticipated delay.

22   8.    Force Majeure. Lunny Grading shall not be deemed in default or breach of this Consent

23   Decree by reason of any event or condition which constitutes a force majeure event. For purposes

24   of this Consent Decree, a force majeure event is defined as any event arising from causes beyond

25   the reasonable control of Lunny Grading or its contractors that delay or prevents performance.

26   This includes, without limitation, acts of God, acts of war, acts of terrorism, fire, explosion,

27   extraordinary weather events, restraint by court order or public authority, delays caused by the

28   action or inaction of federal, state, regional, or local permitting authorities and regulatory

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE        -6-        13-CV-03174-JST

75479084.1 0048407-00002

1  agencies, or other causes beyond Lunny Grading's reasonable control. Neither increased costs

2  nor economic hardship shall constitute a force majeure. Lunny Grading agrees to notify CRW in

3  writing as soon as practicable after an anticipated delay due to any event or condition which

4  qualifies under this paragraph becomes apparent.

5  9.     Breach of Consent Decree and Dispute Resolution. Any disputes between CRW and

6  Lunny Grading concerning any alleged breach of this Consent Decree shall be subject to the

7  following dispute resolution procedures.

8  9.1     Notice. The Party alleging a breach of this Consent Decree shall provide written notice

9  of the alleged breach and that Party's intent to initiate the dispute resolution procedure of this

10  paragraph 9. The notice shall include a recitation of all facts and circumstances giving rise to the

11  dispute, including the particular provisions of the Consent Decree alleged to have been breached.

12  9.2     Mediation. If the dispute is not resolved by the Parties within thirty (30) days after such

13  notice is given, such dispute shall be submitted to mediation before a mutually agreeable neutral

14  mediator. The Parties shall each bear their own costs and attorney's fees incurred in connection

15  with such mediation.

16  9.3     Arbitration. If, and only if, the dispute cannot be resolved by the Parties pursuant to the

17  above mechanisms, such dispute shall be submitted for binding arbitration before a mutually

18  agreeable neutral arbitrator. Either party may request that the presiding Judge of the Northern

19  District of California select an arbitrator if the Parties cannot reach agreement. In the event that

20  binding arbitration occurs, the Parties agree that no discovery shall be permitted. Briefing will be

21  limited to one brief of no longer than ten (10) pages for each Party, submitted no later than

22  fourteen (14) days before the scheduled arbitration hearing. The arbitration hearing is limited to a

23  maximum of one (1) day. The determination of the arbitrator shall be binding upon the Parties.

24  Within thirty (30) days after the conclusion of the arbitration hearing, the arbitrator shall issue a

25  written award and a written statement of decision describing the reasons for the award, including

26  the calculation of any damages awarded. The arbitrator shall be empowered to determine a

27  prevailing party and award payment of reasonable attorneys' fees and costs to that party. To the

28  extent there are multiple issues with a different prevailing party for one or more issues, the

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE                    -7-                    JST
                                                            13-CV-03174-JSXW

75479084.1 0048407-00002

1    arbitrator may take those facts into account in terms of an award for fees and costs. The non-

2    prevailing party shall also bear the cost of the arbitrator's fees. Judgment upon any determination

3    rendered by the arbitrator may be entered by any court having competent jurisdiction.

4    9.4    Waiver. By agreeing to these dispute resolution provisions, including the binding

5    arbitration provision, the Parties understand that they are waiving certain important rights and

6    protections that otherwise may have been available to each of them if a dispute between them

7    were determined by a judicial action including, without limitation, the right to a jury trial, and

8    certain rights of appeal. Other than the remedies contained within this Consent Decree including

9    dispute resolution and specific performance of the terms of this Consent Decree, there are no

10    other remedies. The Parties specifically agree that there is no basis within this Consent Decree or

11    within the contemplation of the Parties to support a claim for consequential damages due to any

12    form of breach.

13    10.    Notices. All notices, consents, approvals, requests, demands and other communications

14    (collectively, "Notice") which the Parties are required or desire to serve upon or deliver to the

15    other Party shall be in writing and shall be given by nationally- recognized overnight courier, by

16    certified United States mail, return receipt requested, postage prepaid, addressed as set forth

17    below, or by facsimile or electronic mail addressed as set forth below:

18    **If to CRW:**    Jack      Silver, Esq.

19      Law      Office of Jack Silver
     P.O.      Box 5469

20      Santa      Rosa, CA 95402-5469
     Tel:      (707)528-8175
     Fax: (707) 528-8675

21      Em      ail: lhm28843@sbcglobal.net

22    **If to Lunny Grading:**    Kevin Lunny
     Lunny Grading and Paving Inc.

23      17300 Sir Francis Drake Boulevard
     Inverness, CA 94937

24      Tel: (415) 662-9800
     Fax: (415) 662-9804

25      Em      ail: Kevin@lunnypaving.com

26

27

28

1   **With a copy to:**       Ryan Waterman
    Stoel                    Rives LLP

2                        12255 El Camino Real, Ste. 100
                       San Diego, CA 92130

3                        Tel: (858) 794-4114
                       Fax: (858) 794-4101

4   Em                   ail: rrwaterman@stoel.com

5       The foregoing addresses may be changed by Notice given in accordance with this

6 paragraph 10. Any Notice sent by mail shall be deemed received two (2) days after the date of

7 mailing. Any Notice sent by facsimile shall be deemed received upon electronic confirmation of

8 the successful transmission thereof, and any Notice sent by electronic mail shall be deemed

9 received upon electronic transmission thereof provided sender does not receive electronic notice

10 of non-delivery. Any Notice sent by overnight courier service shall be deemed received on the

11 day of actual delivery as shown by the confirmation of delivery by the messenger or courier

12 service. If the date of receipt of any Notice to be given hereunder falls on a weekend or legal

13 holiday, then such date of receipt shall automatically be deemed extended to the next business

14 day immediately following such weekend or holiday for purposes of calculating time periods

15 commencing upon the date of service.

16 11.     Attorneys' Fees. Other than the payment to CRW under paragraph 3 and subject to the

17 prevailing party provisions under paragraph 9.3 of this Consent Decree, each Party shall bear its

18 own past and future attorneys' fees and costs relating to the subject matter of this Consent Decree.

19 12.     Parties' Acknowledgment of Terms. This Consent Decree has been carefully and fully

20 read and reviewed by CRW and Lunny Grading and their respective counsel, who hereby

21 represent that the contents of this Consent Decree are understood, and agree that this Consent

22 Decree is binding on each Party or its respective predecessors, successors, and assigns and as

23 described above.

24 13.     Interpretation and Applicable Law. This Consent Decree shall be construed and

25 interpreted in accordance with the laws of the United States and the State of California without

26 regard to principles of conflicts of law. This Consent Decree shall be interpreted and construed as

27 a whole, according to its fair meaning and not strictly for or against any Party, and without regard

28

1    to which Party drafted the Consent Decree. All of the promises, representations, and warranties

2    contained in this Consent Decree survive the execution of this Consent Decree.

3    14.    No Assignments. Each Party to this Consent Decree represents and warrants that it has

4    not assigned, transferred, hypothecated, or sold to any third person or entity, any of the rights or

5    obligations released by or entered into under this Consent Decree.

6    15.    Counterparts. This Consent Decree may be executed in multiple counterparts, each of

7    which shall evidence one and the same agreement.

8    16.    Headings. The headings used in this Consent Decree are for convenience of reference and

9    shall not be used to define any provision.

10    17.    Entire Agreement In Writing. This Consent Decree constitutes the entire agreement

11    between the Parties hereto with respect to the subject matter set forth herein and supersedes all

12    previous or contemporaneous negotiations, commitments (oral or written), and writings with

13    respect to the subject matter set forth herein.

14    18.    Modification or Amendment. This Consent Decree or any of its provisions may be

15    modified or amended only by written agreement executed by all Parties to this Consent Decree.

16    19.    Severability. The invalidity or unenforceability of any provision of this Consent Decree

17    shall in no way affect the validity or enforceability of any other provision. If, in any action before

18    any court or other tribunal of competent jurisdiction, any term, restriction, covenant, or promise is

19    held to be unenforceable for any reason, then such term, restriction, covenant, or promise shall be

20    deemed modified to the extent necessary to make it enforceable by such court or other tribunal

21    and, if it cannot be so modified, that this Consent Decree shall be deemed amended to delete

22    herefrom such provision or portion adjudicated to be invalid or unenforceable, and the remainder

23    of this Consent Decree shall be deemed to be in full force and effect as so modified. Any such

24    modification or amendment in any event shall apply only with respect to the operation of this

25    Consent Decree in the particular jurisdiction in which such adjudication is made.

26    20.    Representations and Warranties. This Consent Decree is given voluntarily, free of undue

27    influence, coercion, duress, menace, or fraud of any kind. No Party, nor any officer, agent,

28    employee, representative, or attorney of or for any Party, has made any statement or

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE       -10-       JST
13-CV-03174-KAW

75479084.1 0048407-00002

1  representation to any other Party regarding any fact relied upon in entering this Consent Decree,

2  and no Party is relying upon any statement, representation, or promise of any other Party, nor of

3  any officer, agent, employee, representative, or attorney of or for any Party, in executing this

4  Consent Decree or in making the settlement provided herein, except as expressly stated in this

5  Consent Decree.

6  21.   No Third Party Beneficiaries. This Consent Decree is not intended to confer any rights or

7  obligations on any third party or parties, and no third party or parties shall have any right of

8  action under this Consent Decree for any cause whatsoever. Subject only to the express

9  restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in

10  this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their

11  successors and assigns.

12  22.   Authority. Each of the persons signing this Consent Decree on behalf of an entity

13  represents and warrants that he or she has actual authority and capacity to execute this Consent

14  Decree on behalf of the entity and to bind it to all of the terms of this Consent Decree. .

15     The Parties hereto enter into this Consent Decree and submit it to the Court for its

16  approval and entry as a final judgment.

17

18  Dated: January 30, 2014                LUNNY GRADING & PAVING INC.

19

20                         By:                           
                                  Kevin Lunny

21                                  President

22                                  CALIFORNIA RIVER WATCH

     Dated:  January 31, 2014

23

24                          By:                        
                                  Margaret Bacigalupi

25                                  Board President

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE        -11-                JST
                                   13-CV-03174-RMW

75479084.1 0048407-00002

1   IT IS SO ORDERED.

2

3   Dated: 3/29/14

4

5   _____ [*signature*]

6                                JUDGE JON S. TIGAR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] CONSENT DECREE                    -12-                    JST
                                                        13-CV-03174-KAW

75479084.1 0048407-00002